[Civ. No. 14290. Second Dist., Div. One. July 12, 1944.]

ANDREW NIELSON, Appellant, v. ALLIED PETROLEUM CORPORATION (a Corporation), Respondent.

D. A. Boone and James T. Satchell for Appellant.

Wahlfred Jacobson for Respondent.

DORAN, J.—Plaintiff appeals from an adverse judgment in an action to recover royalties alleged to be due under the terms of an oil and gas lease wherein plaintiff is lessor and defendant is lessee.

The oil well, in connection with which the dispute herein arose, is located in the harbor area of the city of Long Beach, California. Drilling for oil was prohibited in the area in question until June 15, 1937, when by special election it was permitted, subject to certain restrictions. Plaintiff and ap-

pellant, with others, executed a community lease which provided by its terms for the payment to the lessors by lessee, respondent herein, of certain royalties in the proportion that the area of each bore to the total area. The lease was dated June 12, 1937. The restrictions contained in the ordinance adopted three days later limited a drill site to one acre or more. Accordingly, two additional land owners were later included. An application by respondent for a permit to drill was refused because the area designated lacked 180 square feet of containing one acre. The respondent, in connection with the refusal, was notified by the Board of Harbor Commissioners that a certain lot owned by one Morrison must be included. This was to prevent the exclusion of the Morrison lot from participation in the benefits of oil production from adjoining land. Thereafter, by the terms of a memorandum dated September 19, 1938, Morrison's lot was included. The last mentioned memorandum was not signed by appellant but was signed by a majority of the signers and lessors of the original lease dated June 21, 1937. A well was drilled; and completed September 8, 1938. Royalties have been paid continuously by respondent according to the terms of the lease in question, as interpreted by respondent.

Plaintiff alleged two causes of action; the first in trespass and the second on the community lease contract. It was contended by plaintiff at the trial, and the contention is renewed on appeal, that the so-called second contract, which includes the Morrison lot, cannot be made the basis of computing the royalties except as to the lessors who signed the same. As above noted, plaintiff did not sign it. Respondent, to the contrary, contends that appellant is a party to the contract in question. Defendant's answer also set up the defense of estoppel and res judicata.

There is no dispute as to the pertinent facts. The evidence was presented at the trial by a series of stipulations.

The trial court found against plaintiff on all of the issues. The sufficiency of the evidence to support the findings, and the conclusions of law as well, are attacked on appeal.

There is no merit to the appeal. The evidence supports the findings and there can be no criticism of the court's conclusions as to the law. The record reveals that respondent's defense of res judicata was established beyond question. Without burdening the record with details, it is sufficient to

note that respondent sought to, and did, in a former action for declaratory relief, effectively settle the identical dispute that appellant herein has sought to continue in the within action. It is idle to argue to the contrary. The declaratory relief action embraced the same issues and was decided against appellant herein, defendant in that action, on all of said issues. Incidentally, since the entry of the judgment in the action for declaratory relief, entered on March 8, 1940, appellant has accepted the royalties calculated according to said judgment.

In connection with the contention that the so-called second contract was not signed by appellant, reference need only be made to certain provisions of the original contract which appellant did in fact sign, viz., the one dated June 12, 1937. There it is provided that: "5. If lessee cannot legally drill on these demised premises alone, after drilling for oil is legally permitted in the Long Beach Industrial District, Lessors, or Lessee, at their respective options, may start legal proceedings within thirty days after such fact is determined by ordinance of said City of Long Beach, to get the right to permit drilling on these demised premises alone. If such right is denied after such litigation, then within ninety days after such final determination by law, Lessee must assemble sufficient area for drilling, when combined with these premises, to comply with the then existing law as to drilling, on the basis of the total royalty and rental for these demised premises as hereinafter provided, or this lease shall terminate at Lessors' option."

And paragraph 41 of said contract reads as follows: "It is understood and agreed that a majority in interest and number of the Lessors hereunder shall at all times prevail concerning any matters in connection herewith, and that Lessee hereunder shall at all times during the term hereof deal with such majority in number and persons owning a majority acreage or square footage hereunder. The decision in writing of such majority, filed with the Lessee, shall be as to all matters in connection herewith, binding upon all the Lessors hereunder." Thus appellant duly and legally empowered such majority of the signers of the community lease to act in behalf of the others. The so-called second lease was executed accordingly, by virtue of which appellant is bound thereby. As a matter of fact and as a matter of law, there was but one

*agreement*; to describe a particular phase of the transaction as the "second lease" is misleading.

There are no errors in the record; wherefore the judgment, from which this appeal has been taken, is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied July 31, 1944, and appellant's petition for a hearing by the Supreme Court was denied September 1, 1944.